### In the Matter of the WELFARE OF J.M.S.

### No. C8–85–864.

Court of Appeals of Minnesota.

Aug. 13, 1985.

Jerry Strauss, St. Louis Park, for appellant R.F.S. and S.L.S. parents.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Tom Foley, Ramsey Co. Atty., Daniel J. Hollihan, Asst., Steven De-Coster, Asst., St. Paul, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

The trial court ordered the Ramsey County Human Services Department to forward various documents arising from a neglect petition filed against the parents of J.M.S. and to request assistance in efforts to implement the case plan and reunite the family. The parents appeal. The parents' motion for a stay of the order was denied on May 28, 1985, after they failed to show what harm would result from disclosure or to present sufficient information to permit this court to evaluate their request. *See* Minn.R.Juv.Cts. 63.01, subd. 2(A). Affirmed.

## FACTS

Appellants admitted a petition charging them with neglect of their daughter J.M.S. The father admitted twice forcing then 15-year-old J.M.S. to remove her clothing, pinching her breasts, closely examining her genital area, and slapping her in the face with his undershorts. J.M.S. was placed in foster care and a plan for resolving the family problems was approved by the juvenile court.

County personnel and examining psychologists expressed concern that the 9-year-old sister of J.M.S. may also be at risk of abuse. The parents refused to make.the sister available for evaluation and have since moved to Texas, leaving 16-year-old J.M.S. in foster care. Because of the move, the potential that the younger sister is abused has not been fully investigated.

Ramsey County moved the juvenile court for an order requiring copies of the neglect petition, psychological assessments, the transcripts of the parents' admissions, and a summary of the case to be sent to the appropriate child protection agency in Texas. The trial court ordered the documents sent and required Ramsey County to request assistance in implementing the case plan and reuniting the family. The parents appeal.

## ISSUE

Did the trial court err in ordering records concerning a neglected child sent to the state where the child's parents now live with another child?

## ANALYSIS

■ Juvenile court records must be available to court personnel, parties and counsel, but may be disclosed to others only by order of the court. *See* Minn.Stat. § 260.161, subd. 2 (1984), Minn.R.Juv.Cts. 64.02. The juvenile court may order disclosure to the agency or individual supervising the child or to "any other person having a legitimate interest in the child or in the operation of the court." Minn.R.Juv. Cts. 64.02, subd. 3(A)(iii).

■ Appellants claim the child protection authorities in Texas have no legitimate interest in J.M.S. and release was, therefore, unauthorized.[1] We conclude release of the information was proper and the matter is moot.

Ramsey County is required to make all reasonable efforts to reunite the family and return custody of J.M.S. to her parents. The policy of this state is to strengthen the child's family ties. Minn. Stat. § 260.011, subd. 2 (1984). When appellants admitted the allegations of neglect in September 1984, the juvenile court explained the goal was to reunite the family. The case plan prescribes efforts to be undertaken by the County, J.M.S., and the parents, with the goal of returning J.M.S. to the family home. That goal was again stressed in March 1985 when the motion to release information to Texas authorities was heard. Like Minnesota, the Texas courts have expressed a strong presumption for keeping children and parents together. *See In Re L.F.*, 617 S.W.2d 335, 336 (Tex.Civ.App.1981).

The records of the trial court indicate the parents moved to Texas without notifying county authorities or J.M.S. They made no

effort to take J.M.S. to Texas with them or to transfer her to a foster home there, and have had very little contact with her in Minnesota. The parents have not responded to court and county demands that they obtain treatment and visit their daughter. The trial court found the assistance of Texas authorities is necessary to efforts to reunite this family and that finding is not clearly erroneous.

■ Appellants' request for a stay was denied because they did not allege any harm would occur from release and they presented insufficient information for us to evaluate the request. Further, the information has already been transferred, rendering this appeal moot.

## DECISION

The trial court properly ordered the release of records regarding the neglect proceeding to Texas authorities.

Affirmed.

---

1. In their statement of the case, appellants argued the order violated their constitutional and statutory rights to privacy and their right to assert a medical privilege. None of these arguments have been briefed and we deem them waived.